1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

KIRK BRYANT,

11                          Plaintiff,                          CASE NO.     C06-5376JKA

12          v.                                                 ORDER AFFIRMING
                                                               ADMINISTRATIVE DECISION
13    JO ANNE B. BARNHART, Commissioner of
      Social Security Administration,
14
                            Defendant.
15

16

17          This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28

18   U.S.C. § 636(c).  This matter has been briefed and after reviewing the record, the Court affirms the Social

19   Security Administration's decision denying plaintiff's application for social security benefits.

20          Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as

21   amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's

22   application for disability insurance benefits.  Specifically, plaintiff argues (1) the ALJ improperly rejected

23   medical opinions of Dr. Meharg and Dr. Adams; and (2) the ALJ improperly ignored the lay witness

24   evidence and improperly rejected Plaintiff's testimony.  After reviewing the record, the court finds and

25   orders as follows:

26          1.  This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the

27   proper legal standard and there is substantial evidence in the record as a whole to support the decision.

28   Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).  Here, the ALJ's decision is properly supported by substantial evidence and free of legal error.

2. The ALJ properly evaluated the lay witness evidence and Plaintiff's testimony.  The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'"  Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)).  Similarly, the ALJ can reject the testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he rejects. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d  915, 919 (9th Cir. 1993).

Here, after summarizing the medical evidence the ALJ weighed Plaintiff's credibility in the context of his residual functional capacity.  The ALJ assessed his credibility using factors assigned by the regulations, including (1) activities of daily living; (2) the location, duration, frequency, and intensity of pain or other symptoms, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness and side-effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for relief of pain or other symptoms, (6) measures used to relieve pain or other symptoms, and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.  Social Security Rulings 88-13 and 96-7p.  The ALJ noted the following facts as a basis to discredit Plaintiff's allegations and argument that he is totally disabled: (i) Plaintiff's work history indicated a sporadic history, as well as some work activity after his alleged onset date, (ii) inconsistency between Plaintiff's statements that he only performs few, if any, household chores only and the record which indicates Plaintiff cares for

his personal needs, cooks, does laundry, cleans his apartment, and shops, (iii) Plaintiff's leisure activities not expected of one who would be disabled, such as camping, swimming, writing, reading, playing cards, playing video games, and visiting with others, and (iv) most significantly, the medical evidence which did not support a claim of total disability (discussed further below).  (Tr. 17-18).  The ALJ noted the lay witness evidence when he stated, "In addition, the claimant and third parties have described daily activities in which he engages that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations."  (Tr. 18).

After reviewing the record, the court finds  the ALJ properly relied on substantial evidence (records showing Plaintiff's work history, daily and leisure activities, and the medical evidence) to discredit his allegations of total disability.  The ALJ's analysis and characterization of the lay witness statements is also supported by substantial evidence in the record.  The court notes that both lay witness statements included activities, such as bicycle riding, driving his car, visiting friends, and going out to dinner.  In sum, the court finds the ALJ properly assessed Plaintiff's testimony and the lay witness statements.

3.  The ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so.  Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996).  In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of  a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Plaintiff argues the ALJ improperly rejected the opinions of Dr. Meharg and Dr. Adams. Specifically at issue is Plaintiff's contention that Dr. Meharg and Dr. Adams assigned greater mental limitations to Plaintiff's ability to work than the limitations assessed by the ALJ.   Plaintiff argues the

limitations assigned by Dr. Meharg and Dr. Adams entitle him to social security benefits.

The ALJ reviewed the medical opinions in his decision.  The ALJ specifically noted the opinion of Dr. Kirkpatrick regarding Plaintiff's physical limitations, and he noted the opinions of Dr. Furst, Dr. Meharg, and Dr. Adams regarding Plaintiff's mental health and limitations.  (Tr. 16, 18-19).  The ALJ explicitly stated he did not find Dr. Adams' or Dr. Meharg's opinions persuasive, stating, "as a measure of the claimant's functional mental impairment the undersigned affords Dr. Adams' and Dr. Meharg's opinions less weight."  Clearly, the ALJ chose to rely more heavily on the finding and opinions of Dr. Furst when he evaluated Plaintiff's mental capability and limitations.  Utilizing the Psychiatric Review Technique Form (Tr. 189-193), the ALJ rated the Plaintiff has having no impairment in his activities of daily living, but moderately impaired socially and mildly impaired in his abilities to attend and concentrate (Tr. 16).

Dr. Meharg evaluated Plaintiff's mental impairments on August 16, 2005 and wrote a detailed nine-page narrative report (Tr. 215-223).  Dr. Adams evaluated Plaintiff on January 15, 2004, and also wrote a multi-paged narrative report of his findings regarding Plaintiff's mental health.  Both Dr. Meharg and Dr. Adams saw and evaluated Plaintiff only one time, and thus, they are not considered treating physicians.

Dr. Furst is considered a treating physician.  The record includes mental health evaluations and reports from Dr. Furst on at least five separate occasions from September 12, 2003 through December 18, 2003 while Plaintiff was incarcerated at the Stafford Creek Corrections Center.  Dr. Furst's first evaluation on record (dated 09/12/03) notes that Plaintiff was evaluated by Dr. Chan in 2001, and his MMPI was within normal limits (Tr. 143).  Dr. Furst explained that Plaintiff had been treated in the past by Dr. King (at the lower Columbia Mental Health Center) for bipolar disorder, and further noted that Plaintiff had taken Lithium for the disease (Tr. 144).  Dr. Furst prescribed a trial of Klonopin to treat his anxiety and Lithium to treat his hypomania.  Id.  On October 8, 2003, Dr. Furst reduced the does of Lithium, eliminated Klonopin and added Ativan and Eskalith to treat plaintiff's mental health conditions (Tr. 141).  On November 21, 2003, Plaintiff reported an improved mood, sleeping well, increased appetite and no medication side effects (Tr. 139).  Plaintiff similarly reported a fairly stable mood and good tolerance to the medication on December 18, 2003 (Tr. 138).

The Psychiatric Review Technique Form on record was completed by Dr. Clifford, a reviewing psychologist, and approved by Dr. Gregg, another reviewing psychologist.  Dr. Clifford found moderate

1  limitations in Plaintiff's ability to understand and remember detailed instructions, ability to carry out

2  detailed instructions, ability to maintain attention and concentration for extended periods, ability to

3  complete a normal workday and workweek without interruptions from psychologically based symptoms

4  and to perform at a consistent pace without an unreasonable number and length of rest periods, and the

5  ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.

6  The only higher or greater limitation assigned by Dr. Clifford was the marked limitation in Plaintiff's ability

7  to interact appropriately with the general public.  (Tr. 185-187).  Dr. Clifford made several narrative

8  remarks explaining his ratings, which imply that Plaintiff is not totally disabled (Tr. 187).

9        In sum, the ALJ reasonably relied on the records and notes from the only treating source in the

10  record, Dr. Furst, along with the evaluation of Dr. Clifford and Dr. Gregg to conclude that Plaintiff's

11  mental limitations would not prevent him from doing certain work (janitor, housekeeper) in the national

12  economy.

13        4.  Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this

14  matter is DISMISSED in favor of defendant.

15        DATED this 28th day of December 2006.

16                                    */s/ J. Kelley Arnold*
                                    J. Kelley Arnold
17                                    U.S. Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28